ORIGINAL

1  GREGORY P. STONE (SBN 078329)
   gregory.stone@mto.com
2  HEATHER E. TAKAHASHI (SBN 245845)
   heather.takahashi@mto.com
3  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue, 35th Floor
4  Los Angeles, CA 90071-1560
   Telephone: (213) 683-9100
5  Facsimile: (213) 687-3702
6
7  PETER A. DETRE (SBN 182619)
   peter.detre@mto.com
8  MUNGER, TOLLES & OLSON LLP
   560 Mission Street, 27th Floor
9  San Francisco, CA 94105
   Telephone: (415) 512-4000
10 Facsimile: (415) 512-4077
11
   Attorneys for Plaintiff
12 RAMBUS INC.

E-filing

13
                    UNITED STATES DISTRICT COURT
14                 NORTHERN DISTRICT OF CALIFORNIA

15
   RAMBUS INC.,                          CASE NO. CV10    5449
16
                     Plaintiff,          COMPLAINT FOR PATENT
17                                        INFRINGEMENT
              v.
18                                        DEMAND FOR JURY TRIAL
   STMICROELECTRONICS N.V.;
19 STMICROELECTRONICS INC.,

20                   Defendants.

21

22

23

24

25

26

27

28

12428075.1                                    Complaint for Patent Infringement
                                                       and Jury Demand
                                                       Case No. ____

1    Plaintiff Rambus Inc. ("Rambus") states the following as its Complaint against Defendants

2   STMicroelectronics N.V. and STMicroelectronics Inc.:

## I.

## THE PARTIES

5    1.    Plaintiff Rambus is a Delaware corporation with its principal place of business at

6   1050 Enterprise Way, Sunnyvale, California, 94089.

7    2.    Rambus is informed and believes, and thereupon alleges, that defendant

8   STMicroelectronics N.V. is a Netherlands corporation with its principal place of business at 39,

9   Chemin du Champ des Filles, 1228 Plan-Les-Ouates, Geneva, Switzerland.

10    3.    Rambus is informed and believes, and thereupon alleges, that defendant

11   STMicroelectronics Inc. is a Delaware corporation and a wholly owned subsidiary of

12   STMicroelectronics N.V., with its principal place of business at 1310 Electronics Dr., Carrollton,

13   Texas 75006.

14    4.    Rambus is informed and believes, and thereupon alleges, that STMicroelectronics

15   N.V. and STMicroelectronics Inc. (collectively "STMicroelectronics") have substantial contacts and

16   transact substantial business, either directly or through their agents, on an ongoing basis in this

17   judicial district and elsewhere in the United States.

18    5.    Unless specifically stated otherwise, the acts complained of herein were committed

19   by, on behalf of, and/or for the benefit of STMicroelectronics.

## II.

## NATURE OF THE ACTION

22    6.    This is an action for patent infringement.

23    7.    Rambus is informed and believes, and thereupon alleges, that STMicroelectronics has

24   been and/or is infringing, contributing to the infringement of, and/or actively inducing others to

25   infringe claims of U.S. Patent No. 6,034,918 (the "'918 Patent"), U.S. Patent No. 6,038,195 (the

26   "'195 Patent"),  U.S. Patent No. 6,260,097 (the "'097 Patent"), U.S. Patent No. 6,304,937 (the "'937

27   Patent"), U.S. Patent No. 6,426,916 (the "'916 Patent"), U.S. Patent No. 6,470,405 (the "'405

28   Patent"), U.S. Patent No. 6,542,555 (the "'555 Patent"), U.S. Patent No. 6,564,281 (the "'281

1   Patent"), U.S. Patent No. 6,584,037 (the "'037 Patent"), U.S. Patent No. 6,591,353 (the "'353

2   Patent"), U.S. Patent No. 6,715,020 (the "'020 Patent"), U.S. Patent No. 6,751,696 (the "'696

3   Patent"), U.S. Patent No. 7,099,404 (the "'404 Patent"), U.S. Patent No. 7,209,997 (the "'997

4   Patent"), and U.S. Patent No. 7,287,109 (the "'109 Patent"), U.S. Patent No. 7,580,474 (the "'474

5   Patent"), U.S. Patent No. 7,602,857 (the "'857 Patent"), U.S. Patent No. 7,602,858 (the "'858

6   Patent"), and U.S. Patent No. 7,715,494 (the "'494 Patent") (collectively the "Asserted Patents").

7                                                 III.

8                                 **JURISDICTION AND VENUE**

9           8.      This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*,

10   including 35 U.S.C. § 271.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331

11   and 1338(a).

12          9.      This Court has personal jurisdiction over STMicroelectronics because

13   STMicroelectronics has substantial contacts and conducts business in the State of California and in

14   this judicial district, and has been infringing, contributing to the infringement of and/or actively

15   inducing others to infringe claims of the Asserted Patents in California and elsewhere.

16          10.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d)

17   and/or 1400(b) because a substantial part of the events giving rise to Rambus's claims occurred in

18   the Northern District of California and because STMicroelectronics is subject to personal jurisdiction

19   in the Northern District of California.

20                                                IV.

21                                 **FACTUAL BACKGROUND**

22   **A.**    **Rambus**

23          11.     Rambus is one of the world's leading designers of semiconductor interface

24   technologies that are used in a broad range of consumer, computing, and communications

25   applications.  In addition to the development of high-speed interfaces, Rambus's breakthrough

26   technology and unparalleled engineering expertise have solved the most challenging interface

27   problems and have brought industry-leading products to market.  Rambus's interface solutions have

28   enabled state-of-the-art performance in many products, such as personal computers, workstations,

1   servers, gaming consoles, televisions, Blu-ray players, set-top boxes, printers, video projectors,

2   network switches, modems, routers, mobile phones, and graphics cards.

3       12.    In the late 1980s, Michael Farmwald and Mark Horowitz, the founders of Rambus,

4   recognized and set out to solve the "memory bottleneck problem," the failure of memory interfaces

5   to keep pace with the exponential growth in microprocessor speed.  Farmwald and Horowitz's

6   inventions enabled a dynamic random access memory (DRAM) memory architecture that achieved

7   data transmission rates of 500 megahertz, at a time when other DRAM chips were running in the

8   range of 20-30 megahertz.

9       13.    Since its founding in 1990, Rambus has continued to design, develop, market, and

10  license its high speed interface technology.  Rambus's inventions include new memory devices, new

11  controllers for controlling such memory devices, and new systems incorporating those memory

12  devices and memory controllers.  Rambus's inventions also include new transmitters and receivers

13  and interface technology.

14      14.    Rambus has made large-scale investments in the exploitation of its technology and a

15  large number of companies have paid for licenses to its patents.  Rambus has granted licenses of

16  varying scope to its technology to many of the world's largest semiconductor manufacturers.

17      15.    Since 1990, Rambus has spent millions of dollars on research and development of its

18  valuable technology.  Rambus relies on the United States patent system to protect the technology

19  resulting from its research and development.  Rambus's continued success depends on its research

20  and development of memory interface and other solutions, as well as the protection of intellectual

21  property in its innovative technology.

22          **B.    <u>Asserted Patents</u>**

23      16.    On April 18, 1990, U.S. Patent Application No. 07/510,898 was filed naming Michael

24  Farmwald and Mark Horowitz as inventors.  The Asserted Patents claiming priority to this

25  application are referred to herein as the "Farmwald/Horowitz Patents."

26      17.    On October 19, 1995, U.S. Patent Application No. 08/545,292 was filed naming

27  Richard M. Barth and other individuals as inventors.  The Asserted Patents claiming priority to this

28  application are referred to herein as the "Barth Patents."

12428075.1                                      4

1    18.    On June 20, 1997, U.S. Provisional Patent Application No. 60/050,098 was filed, on

2    June 23, 1997, U.S. Patent Application No. 08/880,980 was filed, and on June 25, 1997, U.S. Patent

3    Application No. 08/882,252 was filed, each naming William J. Dally as inventor. The Asserted

4    Patents claiming priority to these applications are referred to herein as the "Dally Patents."

5            **1.    Farmwald/Horowitz Patents**

6    19.    On March 7, 2000, U.S. Patent No. 6,034,918, titled "Method of Operating a Memory

7    Having a Variable Data Output Length and a Programmable Register," was duly and legally issued

8    to Rambus, as assignee of named inventors Michael Farmwald and Mark Horowitz.

9    20.    On March 14, 2000, U.S. Patent No. 6,038,195, titled "Synchronous Memory Device

10   Having a Delay Time Register and Method of Operating Same," was duly and legally issued to

11   Rambus, as assignee of named inventors Michael Farmwald and Mark Horowitz.

12   21.    On July 10, 2001, U.S. Patent No. 6,260,097, titled "Method and Apparatus for

13   Controlling a Synchronous Memory Device," was duly and legally issued to Rambus, as assignee of

14   named inventors Michael Farmwald and Mark Horowitz.

15   22.    On October 16, 2001, U.S. Patent No. 6,304,937, titled "Method of Operation of a

16   Memory Controller," was duly and legally issued to Rambus, as assignee of named inventors

17   Michael Farmwald and Mark Horowitz.

18   23.    On July 30, 2002, U.S. Patent No. 6,426,916, titled "Memory Device Having a

19   Variable Data Output Length and a Programmable Register," was duly and legally issued to

20   Rambus, as assignee of named inventors Michael Farmwald and Mark Horowitz.

21   24.    On May 13, 2003, U.S. Patent No. 6,564,281, titled "Synchronous Memory Device

22   Having Automatic Precharge," was duly and legally issued to Rambus, as assignee of named

23   inventors Michael Farmwald and Mark Horowitz.

24   25.    On June 24, 2003, U.S. Patent No. 6,584,037, titled "Memory Device Which Samples

25   Data After an Amount of Time Expires," was duly and legally issued to Rambus, as assignee of

26   named inventors Michael Farmwald and Mark Horowitz.

27

28

Complaint for Patent Infringement
and Jury Demand
Case No. _____

26. On March 30, 2004, U.S. Patent No. 6,715,020, titled "Synchronous Integrated Circuit Device," was duly and legally issued to Rambus, as assignee of named inventors Michael Farmwald and Mark Horowitz.

27. On June 15, 2004, U.S. Patent No. 6,751,696, titled "Memory Device Having a Programmable Register," was duly and legally issued to Rambus, as assignee of named inventors Michael Farmwald and Mark Horowitz.

28. On April 24, 2007, U.S. Patent No. 7,209,997, titled "Controller Device and Method for Operating Same," was duly and legally issued to Rambus, as assignee of named inventors Michael Farmwald and Mark Horowitz.

29. The Farmwald/Horowitz Patents include claims directed to improving the performance of memory controllers.

30. At all relevant times, Rambus has been the owner of the entire right, title, and interest in each of the Farmwald/Horowitz Patents.

**2.    Barth Patents**

31. On October 22, 2002, U.S. Patent No. 6,470,405, titled "Protocol for Communication with Dynamic Memory," was duly and legally issued to Rambus, as assignee of Richard M. Barth and the other inventors named therein.

32. On July 8, 2003, U.S. Patent No. 6,591,353, titled "Protocol for Communication with Dynamic Memory," was duly and legally issued to Rambus, as assignee of Richard M. Barth and the other inventors named therein.

33. On October 23, 2007, U.S. Patent No. 7,287,109, titled "Method of Controlling a Memory Device Having a Memory Core," was duly and legally issued to Rambus, as assignee of Richard M. Barth and the other inventors named therein.

34. The Barth Patents include claims directed to improving the performance of memory controllers.

35. At all relevant times, Rambus has been the owner of the entire right, title, and interest in each of the Barth Patents.

1

### 3. Dally Patents

2      36.     On April 1, 2003, U.S. Patent No. 6,542,555, titled "Digital Transmitter With

3   Equalization," was duly and legally issued to the Massachusetts Institute of Technology ("MIT"), as

4   assignee of named inventor William J. Dally.

5      37.     On August 29, 2006, U.S. Patent No. 7,099,404, titled "Digital Transmitter," was

6   duly and legally issued to MIT, as assignee of named inventor William J. Dally.

7      38.     On August 25, 2009, U.S. Patent No. 7,580,474, titled "Digital Transmitter," was

8   duly and legally issued to MIT, as assignee of named inventor William J. Dally.

9      39.     On October 13, 2009, U.S. Patent No. 7,602,857, titled "Digital Transmitter," was

10   duly and legally issued to MIT, as assignee of named inventor William J. Dally.

11      40.     On October 13, 2009, U.S. Patent No. 7,602,858, titled "Digital Transmitter," was

12   duly and legally issued to MIT, as assignee of named inventor William J. Dally.

13      41.     On May 11, 2010, U.S. Patent No. 7,715,494, titled "Digital Transmitter," was duly

14   and legally issued to MIT, as assignee of named inventor William J. Dally.

15      42.     The Dally Patents include claims directed to improving the performance of digital

16   communications.

17      43.     At all relevant times, the Dally Patents have been owned by MIT.  MIT has

18   exclusively licensed the Dally Patents to Rambus, subject only to any rights retained by the United

19   States federal government pursuant to 35 U.S.C. §§ 201-211, with the right to sublicense, and the

20   right to prosecute any past, present, or future infringement of the Dally Patents.

21      **C.      STMicroelectronics's Acts of Infringement**

22      44.     Rambus is informed and believes, and thereupon alleges, that STMicroelectronics has

23   made, used, sold, imported and/or offered for sale, and/or continued to make, use, sell, import and/or

24   offer for sale, products in the United States consisting of or including DRAM memory controllers,

25   including SDR (Single Data Rate) memory controllers, DDR-type memory controllers (including

26   DDR or Double Data Rate memory controllers, DDR2 or Double Data Rate 2 memory controllers,

27   and DDR3 or Double Data Rate 3 memory controllers), and mobile and/or low power versions of the

28   aforementioned memory controllers.

45.     Rambus is informed and believes, and thereupon alleges, that STMicroelectronics has made, used, sold, imported and/or offered for sale, and/or continued to make, use, sell, import and/or offer for sale, products in the United States consisting of or including high-speed SerDes interfaces, including PCI Express and DisplayPort peripheral interfaces and certain SATA peripheral interfaces.

46.     The aforementioned STMicroelectronics products are hereinafter referred to collectively as the "Accused Products." The Accused Products include at least products that are part of, for example, STMicroelectronics's automotive, computer and communication infrastructure, home entertainment and displays, industrial and multisegment sector, and microcontroller product lines.

47.     STMicroelectronics's making, use, sale, offers for sale, and/or importation of the Accused Products in the United States constitute acts of direct infringement of the Asserted Patents.

48.     In October 2008, Rambus contacted STMicroelectronics to discuss licensing of Rambus's patents. On or about January 6, 2009, Rambus provided information to STMicroelectronics regarding the infringement of the '937 Patent, the '916 Patent, the '020 Patent, the '696 Patent, the '997 Patent, the '353 Patent, and the '109 Patent by STMicroelectronics products.

49.     Rambus is informed and believes, and thereupon alleges, that STMicroelectronics has known of the '555 patent and other patents in the Dally patent family, and has known of Rambus's rights to the Dally Patents under the exclusive patent license agreement between Rambus and MIT, since at least the second half of 2004.

50.     Rambus is informed and believes, and thereupon alleges, that STMicroelectronics's knowing infringement has continued despite further information regarding infringement provided by Rambus in the course of attempting to negotiate a license with STMicroelectronics that would fairly compensate Rambus for STMicroelectronics's use of patents owned or exclusively licensed by Rambus. For example, on or about July 10, 2009, Rambus provided information to STMicroelectronics regarding the infringement of the '937 Patent, the '916 Patent, the '997 Patent, and the '109 Patent by STMicroelectronics products.

1    51.    Rambus is informed and believes, and thereupon alleges, that STMicroelectronics has
2  sold or offered to sell its Accused Products to third parties who incorporate the Accused Products
3  into their own products. Those third parties in turn have made, used, sold, offered for sale, and/or
4  imported and/or continue to make, use, sell, offer for sale, and/or import their own products in the
5  United States. These activities undertaken by the third parties constitute acts of direct infringement
6  of the Asserted Patents. The memory controllers and peripheral interfaces in STMicroelectronics's
7  Accused Products are known by STMicroelectronics to be especially made or especially adapted for
8  use in infringement of the Asserted Patents and are not staple articles or commodities of commerce
9  suitable for substantial non-infringing use. STMicroelectronics has thereby contributed to and
10  continues to contribute to the infringement of the Asserted Patents.

11    52.    Rambus is informed and believes, and thereupon alleges, that, by its sales and/or
12  offers for sale of the Accused Products to third parties, STMicroelectronics also has induced and
13  continues to induce acts by third parties that STMicroelectronics knew or should have known would
14  constitute direct infringement of the Asserted Patents. STMicroelectronics actively induces
15  infringement of the Asserted Patents by designing the Accused Products to be capable of
16  infringement and by promoting and encouraging the use of its products by the third parties in ways
17  that infringe the Asserted Patents.

18    53.    Rambus is entitled to recover from STMicroelectronics the actual damages it
19  sustained as a result of STMicroelectronics's wrongful acts alleged herein under 35 U.S.C. § 284 in
20  an amount to be proven at trial, together with interest and costs.

21    54.    Rambus is informed and believes, and thereupon alleges, that STMicroelectronics's
22  infringement of the Asserted Patents as set forth herein has been and is willful, deliberate and in
23  disregard of Rambus's patent rights, and Rambus is therefore entitled to increased damages up to
24  three times the amount of actual damages and attorneys' fees, pursuant to 35 U.S.C. §§ 284, 285.

25    55.    STMicroelectronics's infringement of the Asserted Patents will continue to damage
26  Rambus, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined
27  by this Court.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## V.

### CLAIMS FOR RELIEF

#### COUNT I

**(Patent Infringement of U.S. Patent No. 6,034,918
Under 35 U.S.C. § 271, *et seq.*)**

56.     Rambus incorporates by reference and realleges paragraphs 1 through 55 above as though fully restated herein.

57.     Rambus is informed and believes, and thereupon alleges, that STMicroelectronics: (1) has infringed claims of the '918 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling (directly or through intermediaries), and/or importing Accused Products consisting of or including SDR and/or DDR-type memory controllers, and mobile and/or low power versions thereof, in this district and elsewhere in the United States, and/or (2) has contributed to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '918 Patent, and/or has actively induced others to infringe claims of the '918 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

#### COUNT II

**(Patent Infringement of U.S. Patent No. 6,038,195
Under 35 U.S.C. § 271, *et. seq.*)**

58.     Rambus incorporates by reference and realleges paragraphs 1 through 57 above as though fully restated herein.

59.     Rambus is informed and believes, and thereupon alleges, that STMicroelectronics: (1) has infringed claims of the '195 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling (directly or through intermediaries), and/or importing Accused Products consisting of or including SDR and/or DDR-type memory controllers, and mobile and/or low power versions thereof, in this district and elsewhere in the United States, and/or (2) has contributed to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '195 Patent, and/or has actively induced others to infringe claims of the '195 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

Complaint for Patent Infringement
and Jury Demand
Case No. _____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COUNT III

**(Patent Infringement of U.S. Patent No. 6,260,097
Under 35 U.S.C. § 271, *et. seq.*)**

60.     Rambus incorporates by reference and realleges paragraphs 1 through 59 above as though fully restated herein.

61.     Rambus is informed and believes, and thereupon alleges, that STMicroelectronics: (1) has infringed claims of the '097 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling (directly or through intermediaries), and/or importing Accused Products consisting of or including DDR-type memory controllers, and mobile and/or low power versions thereof, in this district and elsewhere in the United States, and/or (2) has contributed to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '097 Patent, and/or has actively induced others to infringe claims of the '097 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## COUNT IV

**(Patent Infringement of U.S. Patent No. 6,304,937
Under 35 U.S.C. § 271, *et. seq.*)**

62.     Rambus incorporates by reference and realleges paragraphs 1 through 61 above as though fully restated herein.

63.     Rambus is informed and believes, and thereupon alleges, that STMicroelectronics: (1) has infringed claims of the '937 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling (directly or through intermediaries), and/or importing Accused Products consisting of or including DDR-type memory controllers, and mobile and/or low power versions thereof, in this district and elsewhere in the United States, and/or (2) has contributed to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '937 Patent, and/or has actively induced others to infringe claims of the '937 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

Complaint for Patent Infringement
and Jury Demand
Case No. _____

## COUNT V

### (Patent Infringement of U.S. Patent No. 6,426,916
### Under 35 U.S.C. § 271, *et. seq.*)

64.    Rambus incorporates by reference and realleges paragraphs 1 through 63 above as though fully restated herein.

65.    Rambus is informed and believes, and thereupon alleges, that STMicroelectronics: (1) has infringed claims of the '916 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling (directly or through intermediaries), and/or importing Accused Products consisting of or including SDR and/or DDR-type memory controllers, and mobile and/or low power versions thereof, in this district and elsewhere in the United States, and/or (2) has contributed to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '916 Patent, and/or has actively induced others to infringe claims of the '916 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## COUNT VI

### (Patent Infringement of U.S. Patent No. 6,564,281
### Under 35 U.S.C. § 271, *et. seq.*)

66.    Rambus incorporates by reference and realleges paragraphs 1 through 65 above as though fully restated herein.

67.    Rambus is informed and believes, and thereupon alleges, that STMicroelectronics: (1) has infringed claims of the '281 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling (directly or through intermediaries), and/or importing Accused Products consisting of or including SDR and/or DDR-type memory controllers, and mobile and/or low power versions thereof, in this district and elsewhere in the United States, and/or (2) has contributed to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '281 Patent, and/or has actively induced others to infringe claims of the '281 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## COUNT VII

### (Patent Infringement of U.S. Patent No. 6,584,037
### Under 35 U.S.C. § 271, *et. seq.*)

68.     Rambus incorporates by reference and realleges paragraphs 1 through 67 above as though fully restated herein.

69.     Rambus is informed and believes, and thereupon alleges, that STMicroelectronics: (1) has infringed claims of the '037 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling (directly or through intermediaries), and/or importing Accused Products consisting of or including DDR2 and/or DDR3 memory controllers, and mobile and/or low power versions thereof, in this district and elsewhere in the United States, and/or (2) has contributed to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '037 Patent, and/or has actively induced others to infringe claims of the '037 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## COUNT VIII

### (Patent Infringement of U.S. Patent No. 6,715,020
### Under 35 U.S.C. § 271, *et. seq.*)

70.     Rambus incorporates by reference and realleges paragraphs 1 through 69 above as though fully restated herein.

71.     Rambus is informed and believes, and thereupon alleges, that STMicroelectronics: (1) has infringed claims of the '020 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling (directly or through intermediaries), and/or importing Accused Products consisting of or including SDR, and/or DDR-type memory controllers, in this district and elsewhere in the United States, and/or (2) has contributed to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '020 Patent, and/or has actively induced others to infringe claims of the '020 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

Complaint for Patent Infringement
and Jury Demand
Case No. _____

1

## COUNT IX

2

### (Patent Infringement of U.S. Patent No. 6,751,696
### Under 35 U.S.C. § 271, *et. seq.*)

3

4

72.     Rambus incorporates by reference and realleges paragraphs 1 through 71 above as though fully restated herein.

5

6

73.     Rambus is informed and believes, and thereupon alleges, that STMicroelectronics:

7

(1) has infringed and continues to infringe claims of the '696 Patent, literally and/or under the

8

doctrine of equivalents, by making, using, offering to sell, selling (directly or through

9

intermediaries), and/or importing Accused Products consisting of or including DDR-type memory

10

controllers, and mobile and/or low power versions thereof, in this district and elsewhere in the

11

United States, and/or (2) has contributed and continues to contribute to the literal infringement

12

and/or infringement under the doctrine of equivalents of claims of the '696 Patent, and/or has

13

actively induced and continues to actively induce others to infringe claims of the '696 Patent,

14

literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## COUNT X

15

16

### (Patent Infringement of U.S. Patent No. 7,209,997
### Under 35 U.S.C. § 271, *et. seq.*)

17

74.     Rambus incorporates by reference and realleges paragraphs 1 through 73 above as

18

though fully restated herein.

19

75.     Rambus is informed and believes, and thereupon alleges, that STMicroelectronics:

20

(1) has infringed and continues to infringe claims of the '997 Patent, literally and/or under the

21

doctrine of equivalents, by making, using, offering to sell, selling (directly or through

22

intermediaries), and/or importing Accused Products consisting of or including SDR and/or DDR-

23

type memory controllers, and mobile and/or low power versions thereof, in this district and

24

elsewhere in the United States; and/or (2) has contributed and continues to contribute to the literal

25

infringement and/or infringement under the doctrine of equivalents of claims of the '997 Patent,

26

and/or has actively induced and continues to actively induce others to infringe claims of the '997

27

Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United

28

States.

Complaint for Patent Infringement
and Jury Demand
Case No. _____

## COUNT XI

**(Patent Infringement of U.S. Patent No. 6,470,405
Under 35 U.S.C. § 271, *et. seq.*)**

76.     Rambus incorporates by reference and realleges paragraphs 1 through 75 above as though fully restated herein.

77.     Rambus is informed and believes, and thereupon alleges, that STMicroelectronics: (1) has infringed and continues to infringe claims of the '405 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling (directly or through intermediaries), and/or importing Accused Products consisting of or including DDR-type memory controllers, and mobile and/or low power versions thereof, in this district and elsewhere in the United States, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '405 Patent, and/or has actively induced and continues to actively induce others to infringe claims of the '405 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## COUNT XII

**(Patent Infringement of U.S. Patent No. 6,591,353
Under 35 U.S.C. § 271, *et. seq.*)**

78.     Rambus incorporates by reference and realleges paragraphs 1 through 77 above as though fully restated herein.

79.     Rambus is informed and believes, and thereupon alleges, that STMicroelectronics: (1) has infringed and continues to infringe claims of the '353 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling (directly or through intermediaries), and/or importing Accused Products consisting of or including DDR-type memory controllers, and mobile and/or low power versions thereof, in this district and elsewhere in the United States, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '353 Patent, and/or has actively induced and continues to actively induce others to infringe claims of the '353 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## COUNT XIII

### (Patent Infringement of U.S. Patent No. 7,287,109
### Under 35 U.S.C. § 271, *et. seq.*)

80.     Rambus incorporates by reference and realleges paragraphs 1 through 79 above as though fully restated herein.

81.     Rambus is informed and believes, and thereupon alleges, that STMicroelectronics: (1) has infringed and continues to infringe claims of the '109 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling (directly or through intermediaries), and/or importing Accused Products consisting of or including DDR-type and/or GDDR-type memory controllers, and mobile and/or low power versions thereof, in this district and elsewhere in the United States, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '109 Patent, and/or has actively induced and continues to actively induce others to infringe claims of the '109 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## COUNT XIV

### (Patent Infringement of U.S. Patent No. 6,542,555
### Under 35 U.S.C. § 271, *et. seq.*)

82.     Rambus incorporates by reference and realleges paragraphs 1 through 81 above as though fully restated herein.

83.     Rambus is informed and believes, and thereupon alleges, that STMicroelectronics: (1) has infringed and continues to infringe claims of the '555 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling (directly or through intermediaries), and/or importing Accused Products consisting of or including PCI Express and DisplayPort peripheral interfaces and certain SATA peripheral interfaces, in this district and elsewhere in the United States, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '555 Patent, and/or has actively induced and continues to actively induce others to infringe claims of the '555

1  Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United

2  States.

### COUNT XV

**(Patent Infringement of U.S. Patent No. 7,099,404
Under 35 U.S.C. § 271, *et. seq.*)**

84.    Rambus incorporates by reference and realleges paragraphs 1 through 83 above as
though fully restated herein.

85.    Rambus is informed and believes, and thereupon alleges, that STMicroelectronics:
(1) has infringed and continues to infringe claims of the '404 Patent, literally and/or under the
doctrine of equivalents, by making, using, offering to sell, selling (directly or through
intermediaries), and/or importing Accused Products consisting of or including PCI Express and
DisplayPort peripheral interfaces and certain SATA peripheral interfaces, in this district and
elsewhere in the United States, and/or (2) has contributed and continues to contribute to the literal
infringement and/or infringement under the doctrine of equivalents of claims of the '404 Patent,
and/or has actively induced and continues to actively induce others to infringe claims of the '404
Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United
States.

### COUNT XVI

**(Patent Infringement of U.S. Patent No. 7,580,474
Under 35 U.S.C. § 271, *et. seq.*)**

86.    Rambus incorporates by reference and realleges paragraphs 1 through 85 above as
though fully restated herein.

87.    Rambus is informed and believes, and thereupon alleges, that STMicroelectronics:
(1) has infringed and continues to infringe claims of the '474 Patent, literally and/or under the
doctrine of equivalents, by making, using, offering to sell, selling (directly or through
intermediaries), and/or importing Accused Products consisting of or including PCI Express and
DisplayPort peripheral interfaces and certain SATA peripheral interfaces, in this district and
elsewhere in the United States, and/or (2) has contributed and continues to contribute to the literal
infringement and/or infringement under the doctrine of equivalents of claims of the '474 Patent,

17

1  and/or has actively induced and continues to actively induce others to infringe claims of the '474

2  Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United

3  States.

### COUNT XVII

**(Patent Infringement of U.S. Patent No. 7,602,857
Under 35 U.S.C. § 271, *et. seq.*)**

88.    Rambus incorporates by reference and realleges paragraphs 1 through 87 above as

though fully restated herein.

89.    Rambus is informed and believes, and thereupon alleges, that STMicroelectronics:

(1) has infringed and continues to infringe claims of the '857 Patent, literally and/or under the

doctrine of equivalents, by making, using, offering to sell, selling (directly or through

intermediaries), and/or importing Accused Products consisting of or including PCI Express and

DisplayPort peripheral interfaces and certain SATA peripheral interfaces, in this district and

elsewhere in the United States, and/or (2) has contributed and continues to contribute to the literal

infringement and/or infringement under the doctrine of equivalents of claims of the '857 Patent,

and/or has actively induced and continues to actively induce others to infringe claims of the '857

Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United

States.

### COUNT XVIII

**(Patent Infringement of U.S. Patent No. 7,602,858
Under 35 U.S.C. § 271, *et. seq.*)**

90.    Rambus incorporates by reference and realleges paragraphs 1 through 89 above as

though fully restated herein.

91.    Rambus is informed and believes, and thereupon alleges, that STMicroelectronics:

(1) has infringed and continues to infringe claims of the '858 Patent, literally and/or under the

doctrine of equivalents, by making, using, offering to sell, selling (directly or through

intermediaries), and/or importing Accused Products consisting of or including PCI Express and

DisplayPort peripheral interfaces and certain SATA peripheral interfaces, in this district and

elsewhere in the United States, and/or (2) has contributed and continues to contribute to the literal

1 infringement and/or infringement under the doctrine of equivalents of claims of the '858 Patent,

2 and/or has actively induced and continues to actively induce others to infringe claims of the '858

3 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United

4 States.

5 ## COUNT XIX

6 **(Patent Infringement of U.S. Patent No. 7,715,494
Under 35 U.S.C. § 271, *et. seq.*)**

7

8 92.    Rambus incorporates by reference and realleges paragraphs 1 through 91 above as
though fully restated herein.

9

10 93.    Rambus is informed and believes, and thereupon alleges, that STMicroelectronics:

11 (1) has infringed and continues to infringe claims of the '494 Patent, literally and/or under the

doctrine of equivalents, by making, using, offering to sell, selling (directly or through

12 intermediaries), and/or importing Accused Products consisting of or including PCI Express and

13 DisplayPort peripheral interfaces and certain SATA peripheral interfaces, in this district and

14 elsewhere in the United States, and/or (2) has contributed and continues to contribute to the literal

15 infringement and/or infringement under the doctrine of equivalents of claims of the '494 Patent,

16 and/or has actively induced and continues to actively induce others to infringe claims of the '494

17 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United

18 States.

19 ## VI.

20 ## PRAYER FOR RELIEF

21 WHEREFORE, Plaintiff Rambus asks this Court to enter judgment in its favor against

22 STMicroelectronics and grant the following relief:

23 A.    An adjudication that STMicroelectronics has infringed and continues to infringe

24 the Asserted Patents as alleged above;

25 B.    An accounting of all damages sustained by Rambus as a result of

26 STMicroelectronics's acts of infringement of the Asserted Patents;

27

28

12428075.1                                    19                    Complaint for Patent Infringement
                                                                           and Jury Demand
                                                                           Case No. _____

1            C. An award to Rambus of actual damages adequate to compensate Rambus for

2 STMicroelectronics's acts of patent infringement, together with prejudgment and postjudgment

3 interest;

4            D. An award to Rambus of enhanced damages, up to and including trebling of

5 Rambus's damages pursuant to 35 U.S.C. § 284 for STMicroelectronics's willful infringement of the

6 Asserted Patents;

7            E. An award of Rambus's costs of suit and reasonable attorneys' fees pursuant to 35

8 U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law;

9            F. A grant of a permanent injunction pursuant to 35 U.S.C. § 283, enjoining

10 STMicroelectronics, and each of its agents, servants, employees, principals, officers, attorneys,

11 successors, assignees, and all those in active concert or participation with STMicroelectronics,

12 including related individuals and entities, customers, representatives, OEMs, dealers, and

13 distributors from further acts of (1) infringement, (2) contributory infringement, and (3) active

14 inducement to infringe with respect to the claims of the Asserted Patents;

15            G. Any further relief that this Court deems just and proper.

### VII.

### JURY DEMAND

18      Plaintiff Rambus requests a jury trial on all issues triable to a jury in this matter.

19

20                   Respectfully Submitted,

21 DATED: December 1, 2010       MUNGER, TOLLES & OLSON LLP

22

23                 By:   _Peter Detre_

24                      PETER A. DETRE

25             Attorneys for Plaintiff

                  RAMBUS INC.

26

27

28